UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                CAUSE NO. 1:19-CR-33 DRL-SLC

LARRY A. JONES, JR.,

        Defendant.

## OPINION & ORDER

Larry Jones, Jr. moved to suppress evidence collected during a search of his motel room on November 16, 2017. Mr. Jones argues that the evidence was procured in violation of the Fourth Amendment. Having reviewed the record, the court now adopts the well-supported recommendation of the Magistrate Judge and denies the motion to suppress.

## BACKGROUND

On May 22, 2019, Mr. Jones was charged in a single-count indictment with unlawfully possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). Mr. Jones filed a motion to suppress evidence on October 8, 2019. After referral, briefing, and an evidentiary hearing, the Magistrate Judge entered her report and recommendation on March 20, 2020 to deny the motion. Mr. Jones objected on April 2, 2020. The objection is now ripe for decision.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A)-(B), a magistrate judge may not issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. If a party files a timely objection to a magistrate judge's report and recommendation, § 636(b)(1) provides that:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A

judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*De novo* review does not require a new evidentiary hearing, even when witness credibility is at issue. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980). Neither party has requested such a hearing, and the court finds the record appropriately developed for its *de novo* review.

DISCUSSION

In his objection, Mr. Jones focuses on the search of his motel room on November 16, 2017. Although he references a seizure and his "arguable consent," he contends primarily that the search exceeded the scope of any consent. He wisely hasn't challenged the recommendation's factual findings based on a well-developed evidentiary record. The court adopts these factual findings, being as they aren't in dispute and are otherwise supported by the record.

The law presumes "that warrantless searches or arrests within a home are unreasonable and violate the Fourth Amendment." *United States v. Richards*, 741 F.3d 843, 847 (7th Cir. 2014) (citing *Payton v. New York*, 445 U.S. 573, 576 (1980); *Johnson v. United States*, 333 U.S. 10, 14 (1948)); *see also Finsel v. Cruppenink*, 326 F.3d 903, 907 (7th Cir. 2003) (Fourth Amendment protections extend to temporary dwelling places such as motel rooms). "However, warrantless searches or arrests are constitutionally permissible when a 'narrowly proscribed' exception exists." *Richards*, 741 F.3d at 847. Voluntary consent to a search is one of those exceptions. *See United States v. Saucedo*, 688 F.3d 863, 865 (7th Cir. 2012) (citing *United States v. Jackson*, 598 F.3d 340, 346 (7th Cir. 2010)).

In a bulleted statement, Mr. Jones challenges the conclusion that he wasn't seized when the officers spoke with him at the door, but he develops no sound basis for finding it erroneous. A law enforcement encounter may be a seizure if, considering all the circumstances surrounding the encounter, "the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *United States v. Packer*, 15 F.3d 654,

657 (7th Cir. 1994) (quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991)); *see also United States v. Adeyeye*, 359 F.3d 457, 462 (7th Cir. 2004) (inquiry for motel occupants is "whether they would feel free to decline the officers' request that they come to the door, or would feel free to otherwise terminate the encounter"). The recommendation properly considered the various factors relevant to this determination, *see United States v. Shields*, 789 F.3d 733, 743 (7th Cir. 2015) (outlining seven factors), and rightly explained why the consensual search here was not tainted by an illegal seizure (ECF 35 7-8), *see United States v. Jerez*, 108 F.3d 684, 694 (7th Cir. 1997); *see also Florida v. Royer*, 460 U.S. 491, 497 (1983) (officer identified as one, without more, did not convert encounter to a seizure).

Mr. Jones says he never consented to the search of his motel room but offers no compelling argument to show the recommendation erroneous. Consent can be express or implied. *United States v. Risner*, 593 F.3d 692, 694 (7th Cir. 2010). It was express here. When officers asked to verify Whitney Gosnell was not inside (for whom they had an arrest warrant), Mr. Jones responded, "That's fine," and stepped away from the door. Considering on review the totality of the circumstances, *see Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), and all relevant factors, *see Risner*, 593 F.3d at 694, just as the Magistrate Judge did properly, Mr. Jones gave voluntary consent to the search, *see, e.g.*, *United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 816 (7th Cir. 2013) (individual gave his unequivocal consent when he said "yes, go ahead" to officer's request to search vehicle); *United States v. Lewis*, 608 F.3d 996, 999 (7th Cir. 2010) (consent given when defendant backed away from door and said to step in); *United States v. Walls*, 225 F.3d 858, 862-63 (7th Cir. 2000) (occupant consented when she stepped back to allow agents entry); *United States v. Rosario*, 962 F.2d 733, 737 (7th Cir. 1992) (occupant of motel room consented when he gestured for officers to enter); *see also United States v. Saadeh*, 61 F.3d 510, 518-19 (7th Cir. 1995) (failure to object to search undermined claim that consent was not given).

His real objection is to the scope of law enforcement's search. The officers informed Mr. Jones that they wanted to verify whether Whitney Gosnell was present and said they were going to search

where a person can hide. The area under the bed (where the firearm was found) was approximately six to ten inches. Mr. Jones says a reasonable person would not expect a person to hide in such a small space under a bed, so the search exceeded the scope of his consent (if given). The recommendation hasn't been shown erroneous in finding the search constitutional.

Whether a search is within the scope of consent is determined from the totality of the circumstances. *Saucedo*, 688 F.3d at 865. "The standard for measuring the scope of consent under the Fourth Amendment is one of objective reasonableness and asks what the typical reasonable person would have understood by the exchange between the law enforcement agent and the person who gives consent." *Id.* (quoting *Jackson*, 598 F.3d at 348). The scope of a search is defined by its expressed object. *Id.* (quoting *Florida v. Jimeno*, 500 U.S. 248, 251 (1991)). Consent to a general search of the area includes consent to search "anywhere within the general area where the sought-after item could be concealed." *Id.* at 866 (quoting *Jackson*, 598 F.3d at 348-49).

Here, officers were searching for Whitney Gosnell, who was described to be five feet, three inches tall and approximately 130 to 140 pounds. While the space underneath the bed would have been a tight squeeze, it is not unreasonable to believe a person, especially one of petite build, might be hiding under the bed. *See United States v. Flores*, 193 F. Appx. 597, 603-04 (6th Cir. 2006) (reasonable to believe that a person could hide in a six-inch space underneath the bed). Officer Brenneke testified that he has previously found people under beds when serving warrants. Officers searched under one bed without objection from Mr. Jones. Objectively he understood that the beds were within the scope of their search. When they turned to the second bed, he likewise never objected, and instead merely suggested she "couldn't be under there." *See Saadeh*, 61 F.3d at 518-19 (district court properly denied motion to suppress when defendant had not objected to search of toolbox outside scope of his consent to search of general premises). The search wasn't outside the parameters of consent.

CONCLUSION

Mr. Jones has not shown error in the Magistrate Judge's report and recommendation. On this developed record, Mr. Jones was not seized before giving voluntary consent to a search of his motel room, and law enforcement officers conducted a reasonable search under the Fourth Amendment within the scope of that consent. Accordingly, the court ADOPTS the report and recommendation (ECF 35) and DENIES the motion to suppress (ECF 21). A separate order scheduling trial will follow.

SO ORDERED.

May 15, 2020                              s/ Damon R. Leichty
                                          Judge, United States District Court